## Frederick v. Jenkins Township School District et al.

*Patrick J. Flannery*, for plaintiff.

*Charles A. Shea, Jr.*, for defendants.

PINOLA, J., September 18, 1951.—By agreement under the Act of April 22, 1874, and its supplements, this case was tried by the court without a jury. Plaintiff seeks to compel defendant directors to reinstate her to a teaching position and to pay her compensation from September 1, 1950.

The facts, as agreed upon, are as follows:

1. Plaintiff was first employed as a teacher in the Jenkins Township School District on or about Sep-

tember 9, 1935, and continued to serve that district until August 29, 1950, when she was suspended.

2. On May 6, 1937, she entered into a written contract in statutory form with the school district and thereby became a professional employe of the school district.

3. Three other teachers, Mae Gavin, Anne Wynne, and Frolindo Spadi were first employed in the district in September 1936, a year subsequent to the commencement of plaintiff's employment. They have been continuously employed to date.

4. There are no differences of rating between plaintiff and the three teachers, who, likewise, since May 6, 1937, are professional employes.

5. On February 16, 1944, in conformity with the rules and regulations of the school board, plaintiff applied for and was granted a maternity leave of absence and during this leave a child was born to her on June 23, 1944. At her request, the board extended the maternity leave to September 1946, at which time she resumed the performance of her duties.

6. On August 10, 1950, defendants suspended plaintiff because of an alleged substantial decrease in student enrollment.

7. Plaintiff demanded and received a hearing before the school board protesting the suspension on the ground that the three teachers heretofore named had less seniority rights than she had and no differences in rating existed between them and her.

8. On August 29, 1950, plaintiff received notice of the action of the board confirming her suspension on the ground that the maternity leave of absence had interrupted the continuity of her service and her seniority rights.

9. Plaintiff's annual salary, payable in 12 monthly installments, was $2,700.

10. Plaintiff is now and has at all times since her suspension been ready and willing to perform all duties and obligations to be done and performed as a teacher in the school district.

The issue raised is simple: Did plaintiff's maternity leave of absence interrupt the continuity of her service and affect her seniority rights?

## Discussion

Such security as professional employes have in the continued enjoyment of their positions arose from the passage of the Teachers' Tenure Act of April 6, 1937, P. L. 213, the very purpose of which was to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference, whereby capable and competent teachers might feel secure and more efficiently perform their duty of instruction: See Teachers' Tenure Act Cases, 329 Pa. 213, 231. To accomplish its purpose, the legislature limited the right of school districts to dismiss or suspend professional employes for reasons specified within the act.

Plaintiff was suspended by defendant school district because of a substantial decrease in enrollment as permitted by the Act of March 10, 1949, P. L. 30, sec. 1124; 24 PS §11-1124. That there was such a decrease in enrollment is not in dispute.

Under section 1125(b), 24 PS §11-1125(b), "in cases in which suspensions are to be made, professional employes shall be retained on the basis of seniority rights, acquired within the school district of current employment, where no differences in rating are found."

Plaintiff contends that she should have been retained because her rights were superior to those of Mae Gavin, Anne Wynne, and Frolindo Spadi. Of course, to be their senior, the period of her maternity leave

would have to be counted as a period of continued service.

"Seniority" means superiority to another of equal station by reason of earlier entrance into continuous service: Flannery v. Jenkins Township School Directors, 60 D. & C. 433, 438.

It is apparent that preference in continuance of employment must be accorded to those who have served longest. If a leave of absence is not to be considered in computing length of service, then it will affect the protection afforded a particular professional employe under the act.

The act itself deals with only two types of leaves, sabbatical and military.

Sabbatical leaves of absence are governed by the Act of March 10, 1949, P. L. 30, sec. 1166, 24 PS §11-1166. The pertinent parts thereof are as follows:

"Any person employed in the public school system . . . who has completed ten (10) years of satisfactory service as a teacher . . . shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes."

Under section 1170, 24 PS §11-1170,

"Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments, as provided by law."

The rights preserved in military leaves of absence are expressed somewhat differently. Section 1176, 24 PS §11-1176, declares:

"All rights and privileges shall be reserved to such employe as if he continued in the service of said school board."

And section 1178 (*d*), 24 PS §11-1178 (*d*), reads as follows:

"The period of said leave of absence shall be considered as service to the school board in the matter of seniority rights and credit toward the time necessary for sabbatical leave. Such leave shall not be regarded as a sabbatical leave."

Since plaintiff had not completed 10 years' service, she was not entitled to a sabbatical leave for any purpose.

The school board, as it had a right to do, adopted regulations requiring leaves of absence in case of maternity.

Under a sabbatical leave the teacher was entitled to the difference between her salary and the amount paid to a substitute. Under the rules of the board, a teacher receives no salary or compensation whatsoever during the period of the maternity leave.

Under a sabbatical leave proper or a military leave, the service is regarded as continuing. Plaintiff's counsel would have us give to a maternity leave the same effect.

While we are in thorough accord with the argument of plaintiff's counsel that marriage is a noble institution and that its chief purpose is procreation, we cannot agree that the public policy which encourages and protects a married teacher in her job warrants us in extending to her rights and privileges which have been reserved by the legislature only to teachers on sabbatical or military leave.

Under the proposition contended for by plaintiff's counsel, a teacher could by a series of pregnancies, be out of service for 7 or 8 years of a 10 years' period and still claim seniority to those who have taught continuously during those 10 years. The reasons which

he urges are indeed laudable, but we believe that they should be addressed to the legislature.

Since, in sabbatical and military leaves, "attendance" is a fiction created by statute for the protection of the teacher, any action on our part extending this fiction to maternity leaves would amount to judicial legislation: Goff v. Shenandoah Borough School District et al., 154 Pa. Superior Ct. 239.

Only one case dealing with this problem has been brought to our attention, Lazaran v. School District of Luzerne Township, 3 Fayette 199. In that case a teacher who had not served 10 years was granted a leave of absence. The court held that the continuity of her seniority rights was suspended during the period of leave because "no other authority exists for the extension of seniority credits during prolonged periods of absence" than sections of the code similar to those before us.

We believe that decision was proper and that a similar result must follow here.

The board did not and could not reserve to a teacher on such leave privileges which by the action of the legislature have been expressly reserved for teachers on sabbatical or military leaves.

Accordingly, we reach the following

*Conclusions of Law*

1. The maternity leave of plaintiff interrupted the continuity of her service and her seniority rights.

2. Judgment must be entered for defendants.

Therefore, we make the following

*Order*

Now, September 18, 1951, the prothonotary will enter judgment in favor of defendants, unless exceptions are filed to this decision by plaintiff within 30 days after notice by the prothonotary to the parties

or their attorneys, as provided by the Act of 1874, P. L. 109, sec. 2.